UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Asbel A., | File No. 26-cv-189 (ECT/DJF) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Jo Bondi, *in her official capacity as Attorney General of the United States*; Kristi Noem, *in her official capacity as Secretary of the U.S. Department of Homeland Security*; Todd Lyons, *in his official capacity as Acting Director of Immigration and Customs Enforcement*; and David Easterwood, *in his official capacity as Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Graham Ojala-Barbour, Ojala-Barbour Law Firm, PLLC, St. Paul, MN, for Petitioner Asbel A.

Ana H. Voss and Justin Merak Page, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Todd M. Lyons, and David Easterwood.

Petitioner Asbel A. is a Nicaraguan citizen who has resided in the United States since June 21, 2021. Pet. ¶¶ 3, 46–47. After an immigration judge denied Asbel's asylum petition, Asbel "timely filed an appeal with the Board of Immigration Appeals ('BIA'),'" which "has been pending with the BIA since June 11, 2025." *Id.* ¶ 3. Immigration and Customs Enforcement ("ICE") detained Asbel on January 12, 2026. *Id.* ¶ 1. He is currently

in ICE custody at Fort Snelling, Minnesota. *Id*. Asbel "has not been charged with any crime or arrested for any crime." *Id.* ¶ 5.

Here, Asbel challenges his detention under 28 U.S.C. § 2241. Pet. ¶11. He claims he has been wrongly classified as a § 1225(b)(2) detainee (whose detention is mandatory) rather than a § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 1, 7–9, 26–45; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Asbel, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations. *See* Pet. ¶¶ 50–68. He seeks a declaration that his detention absent a bond hearing is unlawful; issuance of a writ of habeas corpus ordering Respondents to release him from custody or set a bond hearing pursuant to 8 U.S.C. § 1226(a); and an order enjoining his removal or transfer out of the District of Minnesota during the pendency of this case. Pet. at 17–18.

In a one-paragraph response, Respondents state that Asbel's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3248 (8th Cir. Docketed Nov. 10, 2025). *See* ECF No. 6 at 1. This raises an issue of statutory interpretation[1] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

---

[1] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Asbel's petition by way of their response in *Avila,* consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and

Asbel has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, (7th Cir. 2025). Asbel has lived in the United States for more than four years. His detention falls under § 1226 and not § 1225(b)(2).

---

(g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

3

For these reasons, Asbel is subject to discretionary detention and entitled to a bond hearing.[2]

## ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Asbel A.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 16, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court

---

[2] Though Asbel alternatively requests release, *see* Pet. at 18, that will not be granted. Asbel's regulatory arguments will not be addressed.